806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Basil AKBAR, Plaintiff-Appellant,
v.
Leon LOT, Fred Riddle; James Caulley; Lieutenant Sullivan,
Defendants-Appellees.
 No. 86-6710.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1986.
Decided Nov. 24, 1986.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Solomon Blatt, Jr., District Judge. (C/A No. 3:85-2440)
 Basil Akbar, appellant pro se.
 Joseph Crouch Coleman, for appellees.
 D.S.C.
 DISMISSED.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Basil Akbar appeals from an order of the district court, entered on July 11, 1986, giving summary judgment for defendants on several claims, ordering an evidentiary hearing on one claim, and directing Akbar to exhaust state remedies before pursuing a damage claim pursuant to 42 U.S.C. Sec. 1983 for an allegedly unconstitutional search. Because this last claim of Akbar's attacks the validity of his conviction, it is subject to the exhaustion requirement of 28 U.S.C. Sec. 2254(b) even though it is presented in a Sec. 1983 action. The district court's order held the claim in abeyance pending exhaustion of his state remedies. The district court order is not reviewable in this court either as a final order or as an injunction.
 
 
 2
 28 U.S.C. Sec. 1291 gives a federal court jurisdiction over final decisions of the district court; that is, judgments which end the litigation on the merits. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). There has been no final judgment on this claim, nor any certification from the district court that the order is appealable pursuant to 28 U.S.C. Sec. 1292(b). The order is not appealable as an injunction under 28 U.S.C. Sec. 1292(a)(1), because interlocutory orders which do not irrevocably affect the merits of the controversy have been held unappealable before there is a final judgment. Tokarcik v. Forest Hills School Dist., 665 F.2d 443, 446-47 (3d Cir.1981), cert. denied, 458 U.S. 1121 (1982). None of the other exceptions available in 28 U.S.C. Sec. 1292(a) apply here, and the order does not qualify as a "collateral order" made appealable by Cohen v. Beneficial Loan Corporation, 337 U.S. 541 (1949). Pursuant to Fed.Rule Civ.P. 54(b), Akbar's other claims remain pending and are also unreviewable until a final judgment is entered.
 
 
 3
 Accordingly, we dismiss this appeal as interlocutory. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 4
 DISMISSED.